UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND A. FORSMAN,

               Plaintiff,

v.

PORT OF SEATTLE,

               Defendant.

Case No. C19-2050RSL

ORDER OF DISMISSAL

This matter comes before the Court on the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge. Plaintiff did not file objections or a response to the recommendation of dismissal. Having reviewed the Report and Recommendation and the remainder of the record, the Court finds and ORDERS:

Plaintiff alleges that the Port of Seattle, through its attorney and managers, deprived him of the opportunity to obtain equipment and engage in fishing activities that are permitted under state law, in violation of 25 C.F.R. § 249.7(a). The issue is whether there is a private right of action to enforce the provisions of part 249. "Where a federal statute does not explicitly create a private right of action, a plaintiff can maintain a suit only if Congress intended to provide the plaintiff with an implied private right of action." *In re Digimarc Corp. Derivative Litig.*, 549

ORDER OF DISMISSAL - 1

F.3d 1223, 1230 (9th Cir. 2008) (quoting *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1121 (9th Cir. 2000)) (alteration and internal quotation marks omitted). Accordingly, the Court's task is to interpret the statute Congress passed to determine whether it, either explicitly or by implication, evinces an intent to create not only a private right, but also a private remedy. *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013). In the absence of such intent, courts may not create a private cause of action "no matter how desirable . . . as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

There is no indication that Congress intended to create a private cause of action in the statutes underlying 25 U.S.C. § 249.7. To the contrary, those statutes simply authorize the Commissioner of Indian Affairs to manage Indian relations and the Secretary of the Interior to issue regulations. *See* 25 U.S.C. § 2; 5 U.S.C. § 301; 43 U.S.C. § 1451. Nor is there any language in part 249 suggesting that the regulatory agency intended to create a private cause of action or believed it had the power to do so.[1] The only actions authorized by the part dealing with off-reservation treaty fishing (part 249) involve tribal actions to punish violations by its members. *See* 25 U.S.C. § 249.6. Section 249.7 is nothing more than a savings provision, preserving rights granted elsewhere and making clear what 25 C.F.R. § 249.1, *et seq.*, does not do. Plaintiff is attempting to pursue a civil action based on the regulatory statement that part 249 does not "[p]rohibit or restrict any persons from engaging in any fishing activity in any manner which is permitted under state law." The regulation does not create new rights, methods, or means of fishing, however. Rather, it simply leaves untouched the rights created by the states. If, as plaintiff alleges here, Port agents and employees interfered with a state-given right to possess

---

[1] "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander*, 532 U.S. at 291.

ORDER OF DISMISSAL - 2

fishing equipment or to engage in fishing activity, he may have a claim under state law, but he has no remedy directly under 25 U.S.C. § 249.7.

For all of the foregoing reasons, this matter is DISMISSED with prejudice. In light of the many opportunities plaintiff has already had to state a viable claim, the Court adopts the recommendation that leave to amend be DENIED.

Dated this 24th day of May, 2021.

*ROBERT S. LASNIK*
United States District Judge

ORDER OF DISMISSAL - 3